UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>SPEN</small> S<small>PECIALTY</small> I<small>NS</small>. C<small>O</small>.,

    Plaintiff,

    v.

B<small>LANKENSHIP ET AL</small>.,

    Defendants.

_____/

Case No. 21-cv-10164

U.S. D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

## **ORDER AND OPINION DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS [#14]**

### **I. I**NTRODUCTION

On January 25, 2021, Plaintiff Aspen Specialty Insurance Company initiated the present action seeking declaratory relief abrogating obligations under an insurance policy with Defendants Benjamin Blankenship and Summit Muscular Therapy & Sports LLC (the "Insured"). ECF No. 1, PageID.1. In the Oakland County Circuit Court, Defendant Despina Dungevska-Gjorgievska ("Claimant") sued the Insured for her injuries allegedly arising from massage therapy treatment. ECF No. 1-7, PageID.94. Plaintiff now seeks a declaration of its rights under the Insured's policy in light of Claimant's action.

Presently before the Court is Plaintiff's Motion for Judgment on the Pleadings. ECF No. 14, PageID.158. The Insured filed their Response on May 27,

1

2021.  ECF No. 15, PageID.178.  On June 10, 2021, Plaintiff submitted its Reply. ECF No. 16, PageID.202.  For the reasons stated below, the Court will DENY IN PART and GRANT IN PART Plaintiff's Motion.

## II. FACTUAL BACKGROUND

This action stems from a personal injury lawsuit between the Insured and Claimant.  ECF No. 1-7, PageID.94.  Beginning in October 2018, Claimant sought massage therapy services from the Insured in Oakland County, Michigan to alleviate her back pain.  *Id*. at PageID.95.  The Insured administered massage therapy treatment on the Claimant using "[a] heavy robotic device/probe," later identified as a "Therbo device."  *Id*. at PageID.96; ECF No. 15, PageID.189.  Claimant received massage therapy treatment throughout October and November of 2018, applied to "her right hip, right shoulder and legs."  *Id*. at PageID.96–99.  Sometimes another employee—Elizabeth Sutter—administered the treatments, an "[un]licensed professional" Claimant states, who is not covered under the Plaintiff's insurance policy.  *Id*. at PageID.97.

By October 25, 2018, Claimant began informing the Insured that she was having trouble walking.  *Id*.  She described having "numbness" and "heaviness" in her lower body.  *Id*.  When asked whether she should see a doctor, the Insured allegedly ignored her.  *Id*.  Instead, Claimant claims that Blankenship encouraged

her to continue the massage therapy treatments. *Id*. at PageID.98. No doctors were consulted to discuss the massage therapy's impact on Claimant's body. As Claimant continued receiving massage therapy, her leg pain and walking troubles worsened. ECF No. 1-7, PageID.97. Almost a year later, Claimant alleged that her massage therapy caused peroneal nerve damage in her legs. ECF No.1-3, PageID.57.

On August 9, 2019, Claimant sent the Insured a demand letter that outlined her injuries. ECF No. 1-3, at PageID.56. The Insured forwarded the demand letter to Plaintiff—the insurer—twenty days later, seeking a defense and indemnity of a possible legal claim under its insurance policy. ECF No. 1-4, PageID.61.

The insurance policy accords both professional liability and general liability coverage, providing a $3,000,000 aggregate limit for all claims. ECF No. 1-2, PageID.20. The policy's professional liability coverage protects against claims for damages resulting from injuries "arising out of *professional services*." *Id*. at PageID.21. The policy's "professional services" definition includes "those services provided within the scope of the *insured's* certification and licensure as a massage therapist …." *Id*. at PageID.26.

The policy contains several exclusions that preclude coverage. Relevant here are the exclusions to treatment performed with a medical device, chiropractic

3

treatment, medical care treatment, medical diagnosis, and the violation of license exclusion. ECF No. 1-2, PageID.21–23.

On September 11, 2019, Plaintiff mailed a letter to the Insured stating its preliminary coverage position. ECF No. 1-4, PageID.60. The letter expressed "it does not appear that the policy provides coverage for this matter." *Id*. Just over a year later, Claimant sued the Insured and Sutter. ECF No. 1-7, PageID.94.

On October 29, 2020, Plaintiff's counsel notified the Insured that Plaintiff would provide them a defense to the complaint, subject to a reservation of rights. ECF No. 1-8, PageID.113. On January 25, 2021, Plaintiff initiated this suit seeking a judicial declaration of its rights and obligations under its insurance policy regarding Claimant's lawsuit. ECF No. 1, PageID.1. Plaintiff filed the present Motion for Judgment on the Pleadings on May 27, 2021. ECF No. 14, PageID.158. A hearing was held on December 9, 2021.

### III. LEGAL STANDARD

Motions brought pursuant to Federal Rule of Civil Procedure 12(c) are governed by the same standard as a motion to dismiss filed under Rule 12(b)(6). *See Lindsay v. Yates*, 498 F.3d 434, 437 n.5 (6th Cir. 2007) ("[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same."). "For

purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *S. Ohio Bank v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 479 F.2d 478, 480 (6th Cir. 1973). The Rule 12(c) proponent must be "clearly entitled to judgment," such that the opposing party cannot present any legally cognizable set of facts that would support its position. *Jackson v. Professional Radiology Inc.*, 863 F.3d 463, 467 (6th Cir. 2017).

## IV. DISCUSSION

Plaintiff seeks a judicial declaration finding the treatment the Insured administered on Claimant falls beyond the insurance policy's scope of coverage. It argues that a judgment on the pleadings is warranted because the Insured's conduct in Claimant's suit was not massage therapy. In the alternative, Plaintiff contends that Claimant's action falls within the policy's coverage exclusions. Plaintiff also seeks a declaration that the general liability coverage does not apply here. The Insured opposes all of Plaintiff's points except the declaration regarding the general liability coverage. The Court addresses each argument below.[1]

---

[1] As a preliminary issue, the Court must determine what state's laws apply in this diversity action. *See Security Ins. Co. of Hartford v. Kevin Tucker & Associates,*

### A. The Insured's Conduct Plausibly Constitutes Massage Therapy.

Plaintiff first argues that the Court cannot construe the Insured's conduct as massage therapy. ECF No. 14, PageID.165. Both parties cite MICH. COMP. LAWS § 333.17951(d) for the definition of massage therapy:

> [A] system of structured touch, pressure, movement, and holding to the soft tissue of the human body in which the primary intent is to enhance or restore the health and well-being of the client. Practice of massage therapy includes complementary methods, including the external application of … electromechanical devices that mimic or enhance the actions possible by the hands.

MICH. COMP. LAWS § 333.17951(d). Michigan law also explicitly excludes "medical diagnosis" from the practice of massage therapy. *Id*. Medical diagnosis includes "physical therapy; high-velocity, low-amplitude thrust to a joint; electrical stimulation; application of ultrasound; or prescription of medicines." *Id*.

The Insured avers that they provided Claimant massage therapy, a professional service covered under its insurance policy with Plaintiff. ECF No. 15, PageID.187. The Court is also directed towards the affidavit of a licensed massage therapist in Claimant's suit, who agrees that the Insured administered "massage therapy." ECF No. 1-7, PageID.111.

The Court agrees that the Insured's treatment plausibly constitutes massage therapy. Claimant states that she "received massage therapy to her right hip, right

---

*Inc.*, 64 F.3d 1001, 1005 (6th Cir. 1995). It is undisputed that Michigan law applies here.

shoulder and legs" in several sessions from Blankenship and Sutter. ECF No. 1-7, PageID.96. Notably, Claimant's description of massage treatment plausibly falls within "a system of structured touch" that Michigan law describes. MICH. COMP. LAWS § 333.17951(d). The use of a device during Claimant's treatment plausibly falls within the "complementary methods" afforded to massage therapists as well. *Id*. Michigan law recognizes the use of "electromechanical devices" in massage therapy treatment. *Id*. The Court therefore finds the Insured's conduct subject to Claimant's suit plausibly constitutes massage therapy.

Plaintiff contends that "massage therapy" does not include attempts to affect someone's skeletal structure using medical devices, and that "massage therapy" does not include the diagnosis and treatment of specific medical conditions. *Id*. at PageID.165–166. Whether the Insured attempted to affect Claimant's skeletal structure is a disputed question of fact, ECF No. 15, PageID.187, and both the Insured and Claimant deny that a diagnosis was ever given. ECF No. 11, PageID.143. In the light most favorable to the nonmoving party, the Insured's conduct plausibly constitutes massage therapy covered under the insurance policy.

### B. The Medical Device Exclusion does not Preclude Coverage.

Next, Plaintiff asserts that even if the Insured's treatment was massage therapy, the insurance policy's exclusions apply. ECF No. 14, PageID.168. Chief

among them is the "medical device" exclusion, which excludes coverage for damages from injuries arising from an Insured's use of a medical device. ECF No. 1-2, PageID.36. Plaintiff claims that the device used in Claimant's treatment constitutes a medical device. ECF No. 14, PageID.168. The Insured responds that there is a factual question of whether the device is the exclusive cause of Claimant's injuries. ECF No. 15, PageID.189. The Insured also disagree that the device used on Claimant is a "medical device" as described in the insurance policy. *Id*. at PageID.190–191.

Whether the device used in Claimant's treatment was a medical device is a question of fact. First, the contract does not define what constitutes a medical device. ECF No. 1-2, PageID.36. While leaving a word undefined does not create ambiguity in a policy, *see Grp. Ins. Co. of Michigan v. Czopek*, 440 Mich. 590, 596 (1992), a word is ambiguous if it is subject to conflicting interpretations. *Klapp v. United Ins. Grp. Agency, Inc.*, 468 Mich. 459, 467 (2003) (quoting *Farm Bureau Mut. Ins. Co. v. Nikkel*, 460 Mich. 558, 566 (1999)). The term "medical device" here is ambiguous and contended between the parties. "It is well settled that the meaning of an ambiguous contract is a question of fact that must be decided by the jury." *Klapp*, 468 Mich. at 468. Accordingly, whether the medical device exclusion applies is a question of fact that the factfinder should resolve.

### C. The Policy's Medical Care and Chiropractic Care Exclusions do not Preclude Coverage.

Plaintiff also argues that the "medical care" and "chiropractic care" exclusions under the insurance policy apply. ECF No. 14, PageID.170. The Insured rejects these characterizations of Claimant's treatment. ECF No. 15, PageID.192. Claimant also states that "no chiropractic manipulations" were performed on her. ECF No. 1-5, PageID.69. The Court finds that these positions raise a question of fact on whether the Insured performed "chiropractic care."

Aspen Specialty describes chiropractic treatment as focused on realigning the spine. ECF No. 14, PageID.187. Yet the Insured focused Claimant's treatment on her hips, legs, and shoulders. Moreover, the treatment is unlikely to constitute medical care because all Defendants agree that no diagnosis was provided. Viewed in the light most favorable to the Insured, a triable issue of fact exists as to what Claimant's treatment was. As the Court discussed *supra*, the Insured's treatment is plausibly massage therapy under Michigan law. At a minimum, characterizing the treatment is a factual issue that the Court will not resolve at the judgment on the pleadings stage.

### D. The Violation of License Exclusion does not Preclude Coverage.

Next, Plaintiff contends that the violation of license exclusion precludes coverage because Sutter—who Claimant alleges administered part of her massage

9

therapy treatment—is not a licensed massage therapist. ECF No. 14, PageID.173. The insurance policy excludes Plaintiff from providing coverage if "[l]iability of an insured aris[es] out of … in whole or in part, professional services … [w]hich constitute a violation of any restriction imposed upon any such license." ECF No. 1-2, PageID.22. Plaintiff makes two points supporting why this exclusion applies. First, Claimant alleges that Sutter administered treatment on two occasions. Because administering treatment requires a license, Sutter's conduct falls outside the scope of the Insured's coverage. Second, Plaintiff argues that when Blankenship administered treatment, it fell beyond "the boundaries of professional competence," inadequate for a massage therapy classification. MICH. COMP. LAWS § 338.751.

The Court finds that Plaintiff's arguments fall short. The Insured contests whether Sutter administered any treatment on Claimant. ECF No. 15, PageID.193. Additionally, all Defendants agree that Blankenship administered massage therapy. These factual disputes must be resolved before the Court can rule, as a matter of law, that the violation of license exclusion applies. The Court will therefore deny that the exclusion is available at this stage of the litigation.

### E. The General Liability Provision Does Not Cover Claimant's Claim.

Finally, Plaintiff argues that the policy's general liability provision does not afford the Insured coverage because it excludes covering claims "arising out of the rendering of or failure to render *professional services*, or that is covered under the professional liability sections of the policy." ECF No. 1-2, PageID.37. At oral argument on the present Motion, the Insured conceded that they did not seek coverage under the general liability provision. ECF No. 15. That provision also falls outside the scope of coverage that the Insured seeks. Accordingly, the Court will grant Plaintiff's relief for a declaration that the general liability provision does not apply to the Claimant's action.

It is well grounded under Michigan law that insurance companies have a duty to defend the insured when the underlying claim is even arguably covered under a policy. *Auto Club Grp. Ins. Co. v. Burchell*, 249 Mich. App. 468, 481 (2001) ("It is well established that an insurer has a duty to defend an insured and that such duty is not limited to meritorious suits and may even extend to actions which are groundless, false, or fraudulent, so long as the allegations against the insured even arguably come within the policy coverage.") (citations omitted). Absent an exclusion applying here, Plaintiff must defend the Insured in their state court action.

## V. Conclusion

For the reasons discussed herein, the Court will DENY IN PART and GRANT IN PART Plaintiff's Motion for a Judgment on the Pleadings [#14].

**IT IS SO ORDERED.**

Dated: January 5, 2022                         /s/ Gershwin A. Drain
                                               GERSHWIN A. DRAIN
                                               UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 5, 2022, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager